Roy Lee DAILEY, Petitioner–
Appellant,

v.

Megan SAVAGE, et al., Respondents–
Appellees.

No. 00–17278.
D.C. No. CV–97–00883–RCB.

United States Court of Appeals,
Ninth Circuit.

Submitted Dec. 17, 2001 *.

Decided Dec. 27, 2001.

Before SCHROEDER, Chief Judge,
TROTT and PAEZ, Circuit Judges.

MEMORANDUM**

Roy Lee Dailey appeals the district court's denial of his 28 U.S.C. § 2254 petition challenging his convictions for sexual exploitation of a minor. The district court granted a certificate of appealability as to whether Dailey received ineffective assistance of counsel at trial. We have jurisdiction under 28 U.S.C. § 2253. We review de novo, *see Hasan v. Galaza,* 254 F.3d 1150, 1153 (9th Cir.2001), and we affirm.

■ Dailey raises three claims of ineffective assistance of counsel at trial. Habeas relief may not be granted however, unless the state court's adjudication of these claims "involved an unreasonable ap-

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2). Accordingly, Dailey's request for oral argument is denied.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by 9th Cir. R. 36–3.

plication of [*Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984)]," or "was based on an unreasonable determination of the facts in light of the evidence presented." *See* 28 U.S.C. 2254(d); *Weighall v. Middle*, 215 F.3d 1058, 1060 (9th Cir.2000) (stating that the relevant "clearly established Federal law" referred to in section 2254(d) is *Strickland* when the petitioner's claim is ineffective assistance of counsel). To prevail, under *Strickland*, Dailey must show that his counsel's performance was deficient and it prejudiced the defense. *See Weighall*, 215 F.3d at 1062.

█ Dailey argues that his counsel's performance was deficient because he: (1) improperly argued against Dailey's standing to challenge a search warrant used to seize evidence which lead to Dailey's arrest and conviction; (2) failed to object at trial to prejudicial evidence of other bad acts; and (3) failed to properly prepare for the defense of Dailey's case.

The state court found that: (1) the search warrant would have been upheld regardless of counsel's arguments, *see State v. Madden*, 125 Ariz. 346, 609 P.2d 1046 (Ariz.Ct.App.1980); *State v. Buccini*, 167 Ariz. 550, 810 P.2d 178 (Ariz.Ct.App. 1991); *State v. Lavers*, 168 Ariz. 376, 814 P.2d 333 (Ariz.Ct.App.1991); (2) the evidence of other bad acts would have been admitted under Arizona Rules of Evidence 404(b)(1), *see State v. Robinson*, 165 Ariz. 51, 796 P.2d 853 (Ariz.Ct.App.1990); and (3) Dailey failed to present any evidence that his counsel was inadequately prepared for trial. Based on these findings, the state court concluded that Dailey could not demonstrate prejudice as a result of counsel's alleged errors and denied relief. *See*

*Strickland*, 466 U.S. at 694, 104 S.Ct. 2052 (stating prejudice is established when a defendant shows there is "reasonable probability that, but for counsel's unprofessional errors, the result of his proceedings would have been different.").

Because the state court's decision was consistent with *Strickland* and reasonable in light of the evidence presented, we affirm the district court's denial of Dailey's petition for writ of habeas corpus. *See* 28 U.S.C. § 2254(d); *Weighall*, 215 F.3d at 1062 (". . . for a state court's application of federal law to be unreasonable, it must have been clearly erroneous.").[1]

AFFIRMED.

---

1. Dailey also raises issues outside the scope of the district court's Certificate of Appealability (COA). Because 28 U.S.C. § 2253 limits the scope of our review to issues specified in the

COA, we decline to address the additional issues in Dailey's brief.

